UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL CASSIEL WHEELER,

        Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"), a government
corporation, and WELLS FARGO, N.A.,
a corporation,

        Defendants.
                                               /

Case No. 12-13685

District Judge Nancy G. Edmunds

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's *Motion for Remand* to state court [Docket #2], filed August 23, 2012 and Defendants *Wells Fargo Bank, N.A. and Federal National Mortgage Association*'s *Motion to Set Aside Default* [Docket #7], filed September 10, 2012. These motions have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's motion to remand [Docket #2] be DENIED and that Defendants' motion to set aside the state court default be GRANTED [Docket #7].

                **I.  FACTUAL AND PROCEDURAL BACKGROUND**

The background of the this case, previously summarized in a Report and Recommendation in an earlier action by Plaintiff, is restated here. *See Wheeler v. Wells*

*Fargo,* Case No. 11-11087, *Docket #16.*

Following Plaintiff's default on a residential purchase money mortgage in Southfield, Michigan, a foreclosure sale was held on August 17, 2010. The property was purchased by Defendant Federal National Mortgage Association ("Fannie Mae). Plaintiff did not attempt to redeem the home, but instead filed suit in Oakland County Circuit Court on February 17, 2011, alleging violations of the Securities Exchange Act of 1934; the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7264; 12 U.S.C. § 1813; 12 U.S.C. §24; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* and a number of state law claims. Defendants removed that case to this Court on March 16, 2011. Case No. 11-11087. On April 22, 2011, Defendant Wells Fargo Bank, N.A. filed an eviction action in 46th District Court. On June 2, 2011, the same court entered judgment, ordering eviction from the property on or after July 1, 2011.

On June 21, 2011, I issued a Report and Recommendation, recommending that Plaintiff's claims be dismissed with prejudice. Case No. 11-11087, *Docket #16.* On August 13, 2011, the District Court, noting that Plaintiff had filed for bankruptcy protection, accepted Plaintiff's request to withdraw her claim and dismissed the case without prejudice pursuant to Fed. R. Civ. P. 41(a). *Id., Docket #23, 24.*

On June 13, 2012, Plaintiff filed the present case in Oakland County Circuit Court, seeking quiet title to the property in question. *Docket #1, Exhibit A.,* Case No. 12-127479-CH. Plaintiff appears to concede that her initial attempt to serve Defendants on June 15, 2012 was improper, but asserts that "[p]ursuant to M.C.R. 2.105(D)(1) the Summons and

-2-

Complaint [were] properly served to the principal officers of Fannie Mae and Wells Fargo and accepted by their resident agents" on July 18, 2012. *Motion to Remand, Docket #2* at ¶3. Defendants removed the case to this Court on August 20, 2012. *Docket #1.*

In response to Plaintiff's allegation that they were properly served on July 18, 2012, Defendants contend that they did not receive notice, proper or otherwise, until July 20, 2012. *Docket #1, Exhibit A* at 1, *Defendants' Response, Docket #6* at 3. They contend, as such, that their August 20, 2012 removal to this Court under 28 U.S.C. §§ 1441 and 1446 was timely.[1] *Id.* On the same day, Plaintiff requested and received an entry of default in the state court case. *Motion to Remand,* ¶5; *Id.,* pg. 14 of 16.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant,

---

[1] Sunday, August 19, 2012 was the 30th day after Defendants state that they received the Summons and Complaint. Defendants were entitled to file the notice of removal on the next business day, August 20, 2012. Fed. R. Civ. P. 6(a)(1)(c).

whichever period is shorter." § 1446(b).

Motions to remand to state court "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

### III.  ANALYSIS

### Motion to Remand [Doc. #2]

#### A.  Diversity Jurisdiction

Plaintiff argues in effect that removal was improper because her newest Complaint does not contain federal claims. *Motion to Remand* at 3-4. While she is correct that this action, at least on its face, appears to allege only state law claims, Defendants premise their removal on diversity jurisdiction under 28 U.S.C. 1332(a). Plaintiff does not contest that Defendant Fannie Mae has its principal place of business located in Washington, DC and that Wells Fargo Bank, N.A. "is a national bank that is chartered in South Dakota, and for diversity purposes is a citizen of South Dakota." *Defendants' Response* at 3.

Plaintiff also asserts that she is a "private Moorish American inhabitant currently domiciled in Michigan," and that this Court "has no jurisdictional authority" over this action. *Motion to Remand* at 5. Notwithstanding the Moorish claim, her acknowledgment that she is domiciled in Michigan is sufficient to establish diversity jurisdiction. "We equate the citizenship of a natural person with his domicile." *Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 41 (6th Cir. 1994)(citing *Von Dunser v.*

-4-

*Aronoff,* 915 F.2d 1071, 1072 (6th Cir.1990)); *see also U.S. Bank Nat. Ass'n v. Bey,* 2011 WL 1215738, *3 (D.Conn. March 28, 2011)(citing *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998))(claim of Moorish citizenship by plaintiff domiciled in Connecticut was citizen of that state for purposes of diversity jurisdiction).

Plaintiff also argues that the amount in controversy is less than $75,000, noting that the state equalized value of the disputed property is $49,520.00. *Motion to Remand,* at 5. However, her quiet title action seeks to invalidate a mortgage note which sold for $173,810.05 at the foreclosure sale. That amount, rather than the state equalized value, is the amount in controversy. *Defendants' Exhibit 2*. As such, Defendants have shown that they were entitled to remove the case under 28 U.S.C. § 1441(a).

### B. The State Court Entry of Default

Plaintiff also argues that Defendants were barred from removing the case after the entry of default in state court. *Motion to Remand* at 5. The state court entry of default was filed on the same day as Defendants removed the case to this Court. It is unclear which was filed first. However, the fact that the default may have preceded the removal did not prevent Defendants from removing the case to this Court. In *Wallace v. Interpublic Group of Companies, Inc.* WL 1856543, *1 -3 (E.D.Mich. June 29, 2009), an entry of default entered against Defendants on April 6, 2009 in state court did not bar Defendants from filing a notice of removal on April 22, 2009. "Once Defendant filed a notice of removal . . . the state court was deprived of jurisdiction over this matter" including whether to set aside the entry of default. *Id.* at *3 (citing § 1446(d)("once a case is removed to federal court, 'the State

-5-

court shall proceed no further unless and until the case is remanded.'").

### C. The Removal was Timely

Moreover, the notice of remand, filed 31 days (first business day after the 30-day deadline) following Defendants' receipt of the Complaint is timely. Plaintiff contends that she effected proper service by sending a copy of the Complaint by certified mail to the CEOs of both Fannie Mae and Wells Fargo, N.A., attaching a copy of the return receipt showing that it was received on July 18, 2012. *Motion to Remand* at 10 of 16. Assuming that serving a copy of the Complaint was sufficient to effect service, Defendants would have been required to file a notice of removal by August 17, 2012.

However, under M.C.R. § 2.105(D), service on a domestic or foreign corporation requires one of the following:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation *and* sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation" (emphasis added);
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

Service can also be effected by "sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division" under certain circumstances, none

-6-

of which is applicable here. § 2.105(D)(4).

While Plaintiff may have fulfilled the certified mail portion of the § 2.105(D)(2) requirements, her failure to even allege that the service by certified mail was accompanied by personal service on "a director, trustee, or person in charge of an office or business establishment" defeats her contention that Defendants were properly served on July 18, 2012. That Defendants may have had constructive notice of her claim by July 18, 2012 is irrelevant to the fact that the 30-day period was not triggered until service had been properly effected. Pursuant to § 1446(b), "even if Defendant had actual notice of the suit, the thirty-day time limit would not commence until the Defendant was formally served with the summons and complaint." *Wallace, supra,* at *2 (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)).[2]

Plaintiff's motion to remand should therefore be denied.

## **Motion to Set Aside Default [Doc. #7]**

Fed.R. Civ.P. 55(c) sets forth a relatively relaxed "good cause" standard for setting aside a Clerk's entry of default. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). In *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir.2003), the Sixth Circuit described the Rule 55(c) standard as follows:

---

[2] In *Murphy,* the Supreme Court held that the language of § 1446(b)(removal "shall be filed within 30 days after the receipt" of a summons and copy of the complaint "through service or otherwise") "was not intended to abrogate" the state's service requirements. *Murphy,* at 355.

> "[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry. The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." (internal quotation marks, citations, and footnote omitted.).

Standing alone, Plaintiff's failure to effect proper service provides grounds for setting aside the default. *See O.J. Distrib., Inc.,* 340 F. 3d at 355 (district court did not err in setting aside entry of default on the basis that the plaintiff "had not properly effected service of process"). The fact that Defendants removed the case to this Court within the time allowed by the § 1446(b) moots the question of whether the default was willful.

Moreover, Plaintiff has not shown that her case would be materially prejudiced by setting aside the default. "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir. 1990). Plaintiff has not made plausible allegations that setting aside the default would meaningfully affect her ability to present her case.

As to the third factor, Defendants have established a meritorious defense. Plaintiff's argument that because a state court judgment has been entered, the removal is barred by *res judicata* is unavailing. *Docket #10* at 1 (citing *Lesher v. Lavrich,* 784 F.2d 193, 195 (6th Cir.

1986)("the law is well-settled that federal courts must give prior state court judgments the same preclusive effect they would have in the courts of that state"). Plaintiff appears to contend that both the state court default in the present case and the 46th District Court June 2, 2011 possession judgment bar this Court's jurisdiction over her quiet title action.

The doctrine of *res judicata* provides "that a judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). In order for the doctrine to apply, four elements must be present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane,* 71 F.3d at 560.

Plaintiff is incorrect in assuming that either the August 20, 2012 default in this case or the June 2, 2011 state court possession judgment precludes this Court from hearing all of the present claims. First, Plaintiff confuses her August 20, 2012 request for a state court entry of default under M.C.R. § 2.603(A)(1) with a default *judgment* under § 2.603(B). Plaintiff's exhibits show that on August 20, 2012, she obtained an entry of default under § 2.603(A)(1)("If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by

-9-

affidavit or otherwise, the clerk must enter the default of that party"). However, the entry of default, by itself, does not constitute a judgment for purposes of claim preclusion. At a minimum, for Plaintiff to obtain a default judgment under § 2.603(B)(1), Defendants were entitled to notice of the entry of default at least seven days prior to the entry of judgment. Because the case was removed on the day the default was entered, it would have been impossible for Plaintiff to have obtained a judgment prior to the removal.

Second, while *res judicata* precludes this court from revisiting the state court eviction judgment, it would not bar other claims that were not adjudicated in the eviction proceedings. "Michigan courts recognize a statutory exception to *res judicata* in the case of summary proceedings." *Garza v. Freddie Mack,* 2010 WL 4539521, *3 (E.D.Mich.2010)(Borman, J.). *See* M.C.L. § 600.5750. "'[T]he legislative intent for this exception was to remove the incentive for attorneys to fasten all other pending claims to swiftly moving summary proceedings'" *Garza*, at *3 (citing *Sewell v. Clean Cut Mgmt.,* 463 Mich. 569, 576, 621 N.W.2d 222 (2001); *J.A.M. Corp. v. AARO Disposal, Inc.,* 461 Mich. 161, 167, 600 N.W.2d 617 (1999))(internal citations omitted). "Claims are not precluded on the basis that they *could have* been brought in the earlier proceeding. Instead, *res judicata* only applies to claims *actually litigated* in a summary proceeding." *Id.* Although the issues of eviction and the propriety of the foreclosure sale itself would have been addressed in the state court action, Plaintiff's other claims, such as the falsifying of legal documents are not barred by *res judicata.*

Aside from Plaintiff's failure to show that the present claims are barred by *res judicata*, I note that Defendants filed a motion to dismiss on September 18, 2012 on the basis that Plaintiff no longer has standing to contest the August 17, 2010 foreclosure sale. *Docket #8*. While further discussion of that motion is inappropriate here, the defense is, at a minimum, meritorious. The "possibility that Defendant may win the case on the merits" is "'the key consideration'" in setting aside the default. *Wallace, supra,* at * 4 (citing *Amernational Indus. v. Action–Tungsram, Inc.,* 925 F.2d 970, 977 (6th Cir.1991)). "Defendant does not need to demonstrate a likelihood of success to establish that a defense is meritorious." *Id.*

### IV. CONCLUSION

For these reasons, I recommend that Plaintiff's motion to remand [Doc. #2] be DENIED and that Defendants' motion to set aside the state court default [Doc. #7] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with


specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fd'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  **s/ R. Steven Whalen**
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Date: January 4, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 4, 2013.

| | |
|---|---|
| Rachel Cassiel Wheeler<br>16330 Edwards Avenue<br>Southfield, MI 48076 | s/Johnetta M. Curry-Williams<br>Case Manager |