UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL CASSIEL WHEELER,	Case No. 12-13685

      Plaintiff,	District Judge Nancy G. Edmunds

v.	Magistrate Judge R. Steven Whalen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"), a government
corporation, and WELLS FARGO, N.A.,
a corporation,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court are Defendants *Wells Fargo Bank, N.A. and Federal National Mortgage Association*'s Motion to Dismiss or in the alternative, for Summary Judgment [Docket #8], and Plaintiff's Notice of Voluntary Dismissal [Doc. #14]. Both have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion for summary judgment [Doc. #8] be GRANTED, dismissing all claims WITH PREJUDICE, and that the request for voluntary dismissal [Doc. #14] be DENIED AS MOOT.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The background of this case, previously summarized in a Report and Recommendation in an earlier action by Plaintiff, is restated here. *See Wheeler v. Wells*

*Fargo,* Case No. 11-11087, *Docket #16.*

Following Plaintiff's default on a residential purchase money mortgage in Southfield, Michigan, a foreclosure sale was held on August 17, 2010. The property was purchased by Defendant Federal National Mortgage Association ("Fannie Mae). Plaintiff did not attempt to redeem the home, but instead filed suit in Oakland County Circuit Court on February 17, 2011, alleging violations of the Securities Exchange Act of 1934; the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7264; 12 U.S.C. § 1813; 12 U.S.C. §24; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* and a number of state law claims. Defendants removed that case to this Court on March 16, 2011. Case No. 11-11087. The six-month redemption period expired on February 17, 2011. *Defendant's Brief, Exhibit 4.* On April 22, 2011, Defendant Wells Fargo Bank, N.A. filed an eviction action in 46th District Court. On June 2, 2011, the same court entered judgment, ordering eviction from the property on or after July 1, 2011.

On June 21, 2011, I issued a Report and Recommendation, recommending that Plaintiff's claims be dismissed with prejudice. Case No. 11-11087, *Docket #16.* On August 13, 2011, the District Court, noting that Plaintiff had filed for bankruptcy protection, accepted Plaintiff's request to withdraw her claim and dismissed the case without prejudice pursuant to Fed. R. Civ. P. 41(a). *Id., Docket #23, 24.*

On June 13, 2012, Plaintiff filed the present case in Oakland County Circuit Court, seeking quiet title to the property in question. *Docket #1, Exhibit A.,* Case No. 12-127479-CH. The case was removed to this Court on August 20, 2012. *Docket #1.* On February 6,

2013, the Honorable Nancy G. Edmunds denied Plaintiff's motion for remand. *Docket #13* (adopting the undersigned's R&R, Docket #12).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

shown–that the pleader is entitled to relief.

556 U.S. at 679 (internal citations omitted).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III. ANALYSIS

#### A. Plaintiff Lacks Standing to Challenge the Foreclosure Sale

Defendants argue that Plaintiff's standing to contest the foreclosure sale was extinguished as of the February 17, 2011 expiration of the six-month redemption period following the August 17, 2010 foreclosure sale. *Defendants' Brief* at 4-7.

In Michigan, the failure to redeem the property within the six-month period following a foreclosure by advertisement divests the former owner of all rights to the property. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (1942)(because "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings," all "rights in and to the property were extinguished" at the end of the foreclosure period). *Id*. at 187; M.C.L. § 600.3236.[1]

In exception to the general rule, "Michigan courts allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant.'" *El-Seblani v. IndyMac Mortg. Services,* 2013 WL 69226, *3 (6th Cir. January 7, 2013)(citing *Schulthies v. Barron,* 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)). However, Plaintiff's claims of a fraudulent foreclosure sale do not provide a basis for setting aside the foreclosure sale. *Docket #1-2,* pg. 12-17 of 84. While the Complaint contains the term "fraudulent," Plaintiff does not allege the elements of a fraud claim,[2] but instead, seems to assert that the foreclosure

---

[1]M.C.L. § 600.3236 provides that with respect to a deed issued after foreclosure by advertisement:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter....

[2]

A claim of fraud must allege the following: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or

did not comply with the statutory requirements for a foreclosure by advertisement. *Id.* at pgs. 15-16. Moreover, as discussed in Section, **B.,** she is barred from raising procedural challenges which have been adjudicated in state court.

Plaintiff cannot show that she was prejudiced by the foreclosure even assuming that she could establish that the sale of her home did not comply with the Michigan foreclosure statutes. To show prejudice, Plaintiff would be required to demonstrate that she "would have been in a better position to preserve [her] interest in the property absent [Defendants'] noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.,* 493 Mich. 98, 116, 825 N.W.2d 329, 337 (2012). Plaintiff cannot establish that the alleged defects in the foreclosure process prejudiced her former interest in the property.

Defendants are also entitled to summary judgment on Plaintiff's claim that the original mortgagee improperly assigned the note to another entity. *Docket #1-2,* pg. 14 of 84. First, the original mortgage agreement, signed by Plaintiff of August 15, 2007, provides that the

---

made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). "The absence of any one" of these elements "is fatal to a recovery." *Id.* (Internal citations omitted). Further, a claim of fraud "must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). The claimant must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir.1993). "The Rule's purpose is to alert defendants 'as to the particulars of their alleged misconduct' so that they may respond." *Kanouno v. SunTrust Mortg., Inc.,* 2011 WL 5984023, *4 (E.D.Mich.2011)(Rosen, J.)(citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir.2007)).

mortgagee may sell the mortgage note "one or more times without notices to the Borrower." *Defendants' Exhibit 2, Docket #8-3,* pg. 13 of 17, ¶20. Second, Plaintiff was not a party to the assignment and thus lacks standing to contest the transaction. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 Fed.Appx. 97, 101-103, 2010 WL 4275305, *3 (6th Cir. 2010). Third, she does not allege that her obligations under the original mortgage agreement were altered by the assignment or that she was otherwise prejudiced.

Because Plaintiff cannot show that she is entitled to recision of the August, 2010 foreclosure sale, *Defendants' Exhibit 4,* the motion for dismissal and/or summary judgment should be granted.

### B. Plaintiff's Claims Regarding the Foreclosure Procedure are Barred by Rooker-Feldman

Even assuming that Plaintiff allegations of procedural improprieties were otherwise valid, these claims have been adjudicated in the state court summary eviction proceedings. *Docket #2* at 3; Case No. 11-11087, *Docket #14*, pg. 10 of 15. While this Court is unable to ascertain all of the issues raised by Plaintiff in the summary proceedings prior to the June 2, 2011 judgment, the state court, at a minimum, rejected claims that the foreclosure was procedurally inadequate. *Carmack v. Bank of New York Mellon,* 2012 WL 2389863, *2 (E.D.Mich.2012) (Steeh, J.)(citing *Reid v. Rylander,* 270 Mich. 263, 267, 258 N.W. 630 (1935))("The challenges to the "validity of a foreclosure sale" in the summary proceeding pertain to "procedural matters").

Plaintiff's allegations regarding the foreclosure process are thus barred under the Rooker–Feldman doctrine.[3] Rooker–Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. § 1257. Currently, "[t]he Rooker–Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The invalidation of the foreclosure sale by this Court would "directly attack the validity of the foreclosure," requiring "the Court to reverse the state court's judgment. 'Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker–Feldman* is appropriate.'" *Sesi v. Federal Home Loan Mortg. Corp.,* 2012 WL 628858,*9 (E.D.Mich.2012)(Borman, J.)(citing *Givens v. Homecomings Financial,* 278 F. App'x 607, 608–09, 2008 WL 2121008, *1-2 (6th Cir. May 20, 2008))(internal punctuation omitted). Accordingly, claims regarding the foreclosure process are subject to dismissal under Fed. R. Civ. P. 12(b)(1). *Id.* at *9.

---

[3] The name derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

**C. Plaintiff's Notice of Voluntary Withdrawal**

On February 20, 2013, Plaintiff filed a "Voluntary Withdrawal of Action and Dismissal," pursuant to Fed. R. Civ. P. 41(a)(2). *Docket #14.*

Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Where a responsive pleading has been filed, and where no stipulation of dismissal has been obtained, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless stated otherwise by the court, "a dismissal under this paragraph (2) is without prejudice." The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). *See Tapco Intern. Corp. v. Dinesol Bldg. Products, Ltd.,* 2007 WL 2710115, *2 (E.D.Mich.2007), citing *Burnette v. Godshall,* 828 F.Supp. 1433, 1439 (N.D.Cal.1993), *aff'd,* 72 F.3d 766 (9th Cir.1995) ("When exercising its discretion, the district court asks and answers three questions: (1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal").

Defendants' September 18, 2012 motion for dismissal under Rules 12(b)(6) and 56 predates the notice of dismissal. Therefore, Plaintiff's request for dismissal must be granted

by court order. Rule 41(a)(2). Plaintiff, now appealing the summary eviction proceedings to the Michigan Court of Appeals, presumably seeks dismissal without prejudice.

The facts and circumstances of this case dictate that Plaintiff's request to withdraw her claims without an entry of judgment should be denied. First, because her interest in property was extinguished in February, 2011, she lacks standing to pursue the present quiet title claim, even assuming that Plaintiff's claims pertaining to Defendants' accounting practices and role in the foreclosure sale had some merit. Second, she has not made plausible allegations that Defendants' employed fraudulent methods in processing the foreclosure sale; thus she is not entitled to an equitable extension of the redemption period or recision of sale. Third, claims of procedural defects in the foreclosure process are barred by the Rooker-Feldman doctrine. "At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716, 719 (6th Cir. 1994).

Further, as I concluded in my previous Report, Plaintiff's claim that this Court does not enjoy jurisdiction over this action because she is a "private Moorish American" is without merit. "We equate the citizenship of a natural person with his domicile." *Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 41 (6th Cir. 1994)(citing *Von Dunser v. Aronoff,* 915 F.2d 1071, 1072 (6th Cir.1990)); *see also U.S. Bank Nat. Ass'n v. Bey,* 2011 WL 1215738, *3 (D.Conn. March 28, 2011)(citing *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998))(claim of Moorish citizenship by plaintiff

domiciled in Connecticut was citizen of that state for purposes of diversity jurisdiction). Plaintiff does not dispute that she is currently domiciled in Michigan. Finally, she cannot show that the original mortgagee improperly assigned its interest to a third party or that she was prejudiced by the assignment. Defendants are accordingly entitled to summary judgment on these grounds, and to the extent that Plaintiff seeks to voluntarily dismiss her complaint, the dismissal would have to be with prejudice.

In closing, I note that in the past two years, Plaintiff has filed a total of seven cases in this Court, at least one bankruptcy petition, and an indeterminate number of state cases, all disputing the August, 2010 foreclosure sale. During this time, she has essentially been living for free in the foreclosed property. Given her proclivity for filing overlapping and successive suits, dismissing the present action without prejudice would almost certainly expose Defendants additional, wasteful litigation. *Grover,* 33 F.3d at 719. As such, Defendants are entitled to summary judgment as a matter of law, and the request for voluntary dismissal (without prejudice) should be denied as moot.

### IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss or in the alternative, for Summary Judgment [Docket #8] be GRANTED, dismissing all claims WITH PREJUDICE. I also recommend that Plaintiff's Notice of Voluntary Dismissal [Doc. #14] be DENIED AS MOOT.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fd'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  **s/ R. Steven Whalen**
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Date: April 29, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 29, 2013.

| | |
|---|---|
| Rachel Cassiel Wheeler | s/Johnetta M. Curry-Williams |
| 16330 Edwards Avenue | Case Manager |
| Southfield, MI 48076 | |