UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rachel Cassiel Wheeler,

       Plaintiff,

v.

Federal National Mortgage Association,
et al.,

       Defendants.

_____/

Case No. 12–13685

Honorable Nancy G. Edmunds

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [19] AND STRIKING JUDICIAL NOTICE [21]

Before the Court is Plaintiff Rachel Cassiel Wheeler's motion for relief from judgment and judicial notice docket entry. (Dkt. 19, 21.) Plaintiff requests relief from the Court's judgment and acceptance and adoption of the magistrate judge's April 29, 2013 report and recommendation on Plaintiff's claims relating to the foreclosure on her home against Defendants Federal National Mortgage Association and Wells Fargo's.

The magistrate judge found that Plaintiff could no longer challenge the foreclosure sale of her home because the six-month redemption period had expired and Plaintiff could not show that she was entitled to rescission . (Dkt. 15, Report and Recommendation at 4, 7.) The magistrate judge also held that the *Rooker-Feldman* doctrine barred Plaintiff's complaint because she had brought a case in Michigan state court challenging the foreclosure sale and lost. (*Id.* at 7-8.)

Plaintiff did not file any objections to the report and recommendation.  On May 20, 2013, the Court entered an order accepting and adopting the report and recommendation and an accompanying judgment.  (Dkt. 17, 18.)  The Court noted in its acceptance and adoption that it had reviewed the pleadings and the report and recommendation and agreed with the magistrate judge.

On June 6, 2013, Plaintiff filed this motion for relief from judgment.  (Dkt. 19.)  On June 21, 2013, Defendants responded. (Dkt. 20.)

## I.    Motion for relief from judgment

Plaintiff argues that she is entitled to relief from the Court's judgment.  She argues that the Court may appropriately set aside the judgment pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), and (4), arguing excusable neglect, fraud, and that the judgment is void.  The Court finds that Plaintiff cannot succeed under any of her offered arguments.

Plaintiff first argues that the Court should find Rule 60(b)(1) "excusable neglect" to set aside the judgment and consider her objections to the report and recommendation.  (Pl.'s Mot. at 2.)

Rule 60(b)(1) provides relief from judgment based on mistake, inadvertence, surprise, or excusable neglect.  "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability--that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.  A party seeking relief must first demonstrate lack of culpability before the court examines the remaining two factors.'"  *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (citations omitted).

2

For Rule 60(b) purposes, "excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Yeschick*, 675 F.3d at 629 (citations omitted). Five factors in determining whether neglect is excusable are: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*at 629 (citations omitted)(insertion in *Yeschick*). Although these factors are helpful, they are not solely determinative of excusable neglect. *Id.* (citation omitted).

Plaintiff alleges that she "was unable to submit a timely objection to the report and recommendation due to physical illness, ongoing upheaval and displacement caused by homelessness, and a pinched nerve in her right wrist and forearm that [she] has suffered with for weeks but has just recently been able to have diagnosed due to her living situation and due to the increased pain and inability to use her hand." (Pl.'s Mot. at 2.)

Defendants argue that Plaintiff cannot show that she is not culpable. (Defs.' Resp. at 1-2.) The Court agrees. Plaintiff has not shown that she is not at fault. While the Court acknowledges her health issues and that she may be having issues related to displacement, she in no way shows that she could not have called the Court or Defendants and asked for an extension to file objections. Plaintiff waited five and a half weeks to file any sort of objection to the magistrate judge's ruling, and only in the form of this motion for relief from judgment.

The Court finds that Plaintiff has not established excusable neglect. Plaintiff has not asserted any facts supporting that she was merely negligent in not filing her objections in a timely manner.

3

The Court also finds that Plaintiff has not asserted any meritorious defense.  The Court has agreed with the magistrate judge's report and recommendation and found that Plaintiff's claims lack merit.  The Court has reviewed Plaintiff's objections and finds that they are not meritorious or that the magistrate judge already addressed the arguments sufficiently (again arguing that the case was improperly in federal court, that the court improperly applied federal law instead of Michigan law, that the court improperly did not allow her to voluntarily withdraw her complaint; and that she did not redeem her home within the statutory period, among other arguments).  The Court specifically notes that it finds no merit in bias arguments against the magistrate judge.  Plaintiff alleges that the comment that Plaintiff had "essentially been living for free in the foreclosed property," shows bias.  The Court finds that the statement does not show bias, just fact reporting.  Plaintiff cannot prevail under a Rule 60(b)(1) argument.

Plaintiff next argues that she has satisfied the requirements for relief from judgment under Rule 60(b)(3). (Pl.'s Mot. at 5.)

Rule 60(b)(3) provides relief from a final judgment for "fraud . . . misrepresentation, or misconduct by an opposing party[.]"[1]  To successfully show misconduct, the moving party must present "clear and convincing evidence of . . . questionable behavior affecting the fairness of litigation other than statements or the failure to make statements." *Thurmond v. Wayne Cnty. Sheriff Dep't*, 07-11761, 2013 WL 1316726, at *3 (E.D.MIch. Mar. 29, 2013) (Tarnow, J.) (quoting *Satyam Computer Serv., Ltd. v. Venture Global Eng'g,*

---

[1]Plaintiff also argues that the Court could provide relief from judgment under Rule 60(b)(6), which gives the Court the ability to provide relief for "any other reasons [than those listed] that justifies relief."  (Pl.'s Br. at 2.)

*LLC*, 323 F.App'x 421, 429-30 (6th Cir. 2009)).  The moving party must further "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding."  *Id.* (quoting *Info-Hold v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008)).

Plaintiff argues that Defendants' removal to federal court was prejudicial, abusive, and constitutes a malicious act.  The Court cannot agree.  As the magistrate judge and the Court have already addressed, the Court has diversity jurisdiction over this matter and Defendants have a right to be in federal court.  (Pl.'s Mot. at 6.)

Plaintiff next argues that Defendants have unethically forum-shopped and used "legal tactics" in litigating various claims relating to Plaintiff's bankruptcy and foreclosure proceedings in different courts. (Pl.'s Mot. at 6.) Plaintiff has not submitted any support for the allegations, such as transcripts or court documents.  The Court therefore rejects the argument that the allegations entitle her to relief from judgment.

Plaintiff then argues that she is entitled to relief from judgment under Rule 60(b)(3) because of an agreement that occurred between Wells Fargo, among other financial institutions, and the Office of Comptroller of the Currency and the Board of Governors of the Federal Reserve System concerning "deficient mortgage servicing and foreclosure processes."[2]  Plaintiff maintains that this agreement is evidence that Wells Fargo committed fraud.  (Pl.'s Mot. at 6.)  The Court disagrees.  There is no evidence that Wells Fargo perpetrated fraud in this case.  The Court rejects this argument.

---

[2]The Court addresses two documents of which Plaintiff asks the Court to take judicial notice of below.

5

Plaintiff finally argues that Rule 60(b)(4) entitles her relief from judgment. Rule 60(b)(4) provides relief from judgment if the judgment is void. Under Rule 60(b)(4), though, "nothing short of a 'jurisdictional error' or 'a violation of due process' justifies relief[.]" *Northeast Ohio Coalition for Homeless v. Husted*, 696 F.3d 580, 601 (6th Cir. 2012) (citations omitted).

Plaintiff has not met this high burden. No jurisdictional error exists. And Plaintiff has not submitted any facts substantiating a "violation of due process." The Court notes that, while the magistrate judge and the Court may have not held hearings, the magistrate judge and the Court fully considered the arguments that Plaintiff has presented to the court.

Plaintiff is asserting claims she has already made to the Court. A court "properly" grants a Rule 60(b) motion "where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated." *Walker v. WBKO Television*, 46 F.App'x 317 (6th Cir. 2002).

The Court DENIES Plaintiff's motion for relief from judgment. She has no further recourse from the Court.

## II.    Judicial notice docket entry

On July 5, 2013, Plaintiff filed a "Judicial Notice of Adjudicative Facts." (Dkt. 21.) The documents Plaintiff has filed as exhibits relate to an agreement between Wells Fargo and federal banking regulators--the Office of Comptroller of the Currency and the Board of Governors of the Federal Reserve System concerning "deficient mortgage servicing and foreclosure processes." (*Id*.) The first document shows that Plaintiff received a payment under the agreement between the parties. (*Id*.) The second document is a form letter from Michigan's attorney general, Bill Schuette. (*Id*.) Schuette acknowledges that Plaintiff filed

6

a claim from the National Mortgage Settlement fun.  (*Id.*)  Nothing in the letter is specific

to Plaintiff.  (*Id.*)

Plaintiff suggests that these documents "clearly reflect that" Defendant Wells Fargo

"has agreed that they are culpable of misconduct as outlined under Rule(b)(3)[.]" (Dkt. 21.)

The Court disagrees.  There is nothing in the documents that suggests that Wells

Fargo did anything culpable in this case.  The Court therefore STRIKES Plaintiff's judicial

notice.

## III.   Conclusion

The Court therefore DENIES Plaintiff's motion for relief from judgment and STRIKES

Plaintiff's judicial notice.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 9, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record
on July 9, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer